McCLANATHAN v. NEW YORK AND OSWEGO MIDLAND RAILROAD COMPANY, appellant.

*Principal and agent — work done under contract — when employer liable for acts of contractor.*

So far as a contractor acts within the scope of his employment he is to be deemed the agent of his employer, and his act is the act of his principal. But to hold the employer liable for the trespass of the contractor, the contract must have been to do the act complained of.

This rule, however, applies only to direct or consequential injuries, and has no application to a case where the trespass complained of consists in the taking, by the contractor, of the property of another and appropriating it to the use of his employer.

A firm of contractors, employed to build the Midland railroad, took, from plaintiff's premises, a quantity of materials and used them in the construction of the railroad. This was done with the knowledge of the engineer and several of the directors of the railroad company. *Held*, that the company was liable for the acts of the contractors.

THIS is an appeal from a judgment rendered upon the report of a referee.

The action was brought to recover for a quantity of sand, earth and gravel alleged to have been taken from plaintiff's land by the defendant in the construction of its road across the plaintiff's farm, in the town of Verona, and county of Oneida.

The railroad was built at this place by a firm by the name of McNary, Claffin & Co., under a contract with the defendant.

The referee, by whom the case was tried, found, as matter of fact, that "the defendant, to get material for the construction of said road, took the soil off from one hundred and thirteen rods of the plaintiff's land without his leave and made bank of it. And that the defendant also entered upon other land of the plaintiff, on the shore of Oneida lake, and took a considerable quantity of gravel, fine sand and other material drifted up by the lake, amounting to eight hundred yards of gravel, and between three and four thousand tons of material, which latter included five hundred tons of fine sand, so called, having a value in commerce, and worth seventy-five cents per ton where it lay on the shore of the lake."

And, as a conclusion of law, he held that the plaintiff was entitled to recover the value of the earth from said one hundred and thirteen rods of land, and for the sand and other material so taken in all, the amount of $431.75, for which he rendered judgment; from which the defendant duly appealed to this court.

*M. J. Shoecraft*, for appellant. The defendant was not liable for the acts of the contractors. Redfield on Railways, 377, § 168; *Kelly* v. *Mayor of New York*, 11 N. Y. 432; *Coon* v. *The S. & U. R. R. Co.*, 5 id. 493; *Mintum* v. *Main*, 7 id. 222; *Weed* v. *Panama R. R. Co.*, 17 id. 362; *McCullough* v. *Moss*, 5 Denio, 567; *Bank* v. *N. Y. & N. H. R. R. Co.*, 13 N. Y. 633; *Blake* v. *Ferris*, 5 id. 48. The knowledge of one or two directors of defendant of the act would not render the defendant liable. Angell & Ames on Corp. 316; *Adriance* v. *Roome*, 52 Barb. 399; *Howell* v. *Christy*, 3 Lans. 238; *Seymour* v. *Wyckoff*, 10 N. Y. 213; *Roach* v. *Coe*, 1 E. D. Smith, 175; *Thayer* v. *Boston*, 19 Pick. 516; *Mitchell* v. *Rockland*, 41 Me. 363; *Thompson* v. *Sixpenny Savings Bank*, 5 Bosw. 293.

*Johnson & Prescott*, for respondent.

E. D. SMITH, J. Upon the facts found by the referee the judgment rendered him was clearly correct. The defendants insist that the earth, gravel and sand taken from the plaintiff's land was not taken by their authority, but was taken by the contractor engaged in the construction of their railroad through the plaintiff's farm, and for whose acts they are not responsible.

The work upon the defendants' road through the plaintiff's farm was clearly performed by contractors employed by the defendants.

The referee has in effect found and held that the acts of these contractors and their agents, servants and workmen were the acts of the defendants.

The law, I take it, is well settled that so far as contractors act within the scope of their employment they are to be deemed the agents of their employers, and their acts are the acts of their principals. But to hold an employer liable for the trespasses of contractors or their servants, the contractor, as a general proposition, must have contracted to do the act complained of. In such case as Lord CAMPBELL says in *Ellis* v. *The Sheffield Gas Consumers' Company,* 22 Eng. Law & Eq. 198, "if the contractor does that which he is ordered to do, it is the act of the employer."

It is quite clear, I think, in this case that the contractors, McNary, Claffin & Co., and all their servants and agents who entered upon the plaintiff's land and took his sand, gravel and other materials therefrom, used by them in constructing defendants road-bed, were simply trespassers. They had no express contract with the defendants, authorizing or requiring them to commit such trespasses. In this view apparently the acts of trespass complained of by the plaintiff are the acts of the contractors employed by the defendants to construct their road.

But the rule that exempts the employer in respect to the acts of contractors, as above stated, applies, I think, only to direct or consequential injuries committed by them, and can bear no application to cases like this where the trespass complained of consists in the taking, by the contractor, of the property of another and appropriating it to the use and benefit of an employer.

It is quite apparent, upon the testimony in this case, that the plaintiff's sand and gravel, and other material for which this action was brought, was taken, used and appropriated for the construction of the bed of the defendants' road through the plaintiff's farm by said contractors, with the knowledge and assent of the defendants,

through their engineers and several of the directors of their company; at least I think there is abundant evidence in the case to warrant the referee in so finding as matter of fact. The defendants clearly made no other provision for the supply of the earth requisite to construct the bed of their road through the plaintiff's farm. It is quite clear that two of the directors of the defendants' company, with engineers in charge of the work of construction of such road, saw the contractors at work taking earth from plaintiff's land, and using it to construct said road-bed, and knew that they had no right to take such earth, and assented thereto if they did not direct them so to do. The earth so taken must, therefore, I think, be deemed to have been taken and converted to the defendants' use with their knowledge and assent, and the referee was entitled so to hold.

I cannot see upon what ground or principle the defendants can retain the benefit of the trespass by their contractors thus committed for their benefit, and be exempt from paying for the value of such property. As well might the receiver of stolen property appropriate the same to his use, knowing that they were stolen, and from whom, and claim exemption from all liability for the return of the goods, or payment therefor, if return was impracticable, on the ground that he was not primarily a *particeps criminis* in the larceny.

The judgment is right, I think, and should be affirmed.

*Judgment affirmed.*